**FEI ZHU, Petitioner,**

v.

**Michael MUKASEY, United States Attorney General,[1] Respondent.**

No. 07–2691–ag.

United States Court of Appeals, Second Circuit.

March 31, 2008.

Gary J. Yerman, Esq., New York, New York, for Petitioner.

Jeffrey S. Bucholtz, Acting Assistant Attorney General, M. Jocelyn Lopez Wright, Assistant Director, Brianne Whelan Cohen, Trial Attorney, Office of Immigration Litigation, Civil Division, U.S. Department of Justice, Washington, D.C. for Respondent.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. JOSEPH M. McLAUGHLIN, Hon. ROBERT D. SACK, Circuit Judges.

---

**1.** Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as the respondent in this case.

*SUMMARY ORDER*

Petitioner Fei Zhu, a native and citizen of the People's Republic of China, seeks review of a May 31, 2007 order of the BIA affirming the October 4, 2005 decision of Immigration Judge ("IJ") Noel Anne Ferris, denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Fei Zhu,* No. A96 262 295 (B.I.A. May 31, 2007), *aff'g* No. A96 262 295 (Immig. Ct. N.Y. City Oct. 4, 2005). We assume the parties' familiarity with the underlying facts and procedural history of this case.

When the BIA adopts the decision of the IJ and supplements the IJ's decision, this Court reviews the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.2005). In addition, when the BIA affirms the IJ's decision in all respects but one, we review the IJ's decision as modified by the BIA decision, i.e., "minus the single argument for denying relief that was rejected by the BIA." *Xue Hong Yang v. U.S. Dep't of Justice,* 426 F.3d 520, 522 (2d Cir.2005). Here, the BIA did not explicitly "reject" the IJ's determination that Zhu failed to establish the timeliness of his asylum application. However, the BIA made no mention at all of the timeliness finding in affirming the IJ's decision, but instead analyzed the IJ's adverse credibility determination extensively and rested its opinion on its finding that the adverse credibility determination was supported by the record. Because the BIA's opinion is confined to the adverse credibility determination, it is unclear whether the BIA rejected the IJ's timeliness finding. We therefore confine our review to the adverse credibility determination. *See Xue Hong Yang,* 426 F.3d at 522; *Yan Chen,* 417 F.3d at 271.

We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *Manzur v. U.S. Dep't of Homeland Sec.,* 494 F.3d 281, 289 (2d Cir.2007) (quoting section 1252(B)(4)(b); internal quotation marks omitted). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005).

In this case, the IJ's adverse credibility determination was supported by substantial evidence. The IJ identified four grounds for finding Zhu not credible: 1) inconsistencies between Zhu's testimony and other evidence in the record; 2) Zhu's implausible testimony regarding the registration of his marriage and the issuance of the one-child certificate he submitted into evidence; 3) Zhu's evasive and hesitant demeanor during questioning; and 4) Zhu's failure to provide documentary evidence to corroborate key elements of his claims.

When considered cumulatively, the inconsistencies identified by the IJ were not "minor and isolated." *See Diallo v. I.N.S.,* 232 F.3d 279, 288 (2d Cir.2000). The IJ found that Zhu gave inconsistent testimony with regard to whether both his parents, or only his father, had been detained by family-planning authorities. She also observed that Zhu's household register contradicted his testimony that he was employed as a construction worker and lived with his parents. The IJ also noted that, although Zhu testified that his wife reported for a mandatory IUD check-up in the fall of 2001 at which time she was found to be pregnant and forced to submit to an

abortion, his wife's IUD booklet included no record of these events or of the IUD insertion that she allegedly underwent about a month after her abortion. The IJ did not err in concluding that the cumulative effect of these inconsistencies was to undermine Zhu's credibility. *Tu Lin v. Gonzales,* 446 F.3d 395, 402 (2d Cir.2006).

Moreover, the IJ did not err in finding it implausible that the one-child certificate Zhu submitted into evidence would not be issued until February 1998 given that his son had been born in November 1988. *See Siewe v. Gonzales,* 480 F.3d 160, 168–69 (2d Cir.2007). She also did not err in finding it implausible that Zhu and his wife would wait ten years to register their marriage, especially when they had a son who would already have turned eight-years old at the time of the registration. *See Wensheng Yan v. Mukasey,* 509 F.3d 63, 66–67 (2d Cir.2007).

The IJ's finding that Zhu lacked credibility was further bolstered by her evaluation of his demeanor, which was supported by specific instances of Zhu's perceived evasiveness. We afford great deference to such findings. *See Tu Lin,* 446 F.3d at 400. Finally, the IJ properly based her adverse credibility determination in part on Zhu's failure to provide sufficient corroborative evidence. *See Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 341 (2d Cir.2006). In light of the many inconsistencies and implausibilities in Zhu's testimony, it was not unreasonable for the IJ to require him to submit additional corroborative evidence to substantiate his claims. *See id.*

The agency's decision was thus supported by substantial evidence. Because Zhu failed to address his CAT claim in his brief to this Court, he has waived any

challenge he could have raised to the agency's denial of CAT relief. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005)

For the foregoing reasons, the petition for review is DENIED. Having completed our review, the pending motion for a stay of removal is DISMISSED as moot.